IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BONNIE ROSE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:19-CV-5673-ELR |
| | * | |
| WVMF FUNDING, LLC, et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

## O R D E R

This case is before the Court on a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B). Magistrate Judge John K. Larkins granted Plaintiff *in forma pauperis* ("IFP") status and deferred any determinations with respect to subject matter jurisdiction and frivolity. [Doc. 2]. The matter has been submitted to this Court for such determination. As such, the Court's rulings and conclusions are set forth below.

### I. Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a "court shall dismiss [an IFP claim] at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "A lawsuit is

frivolous if it is 'without arguable merit either in law or fact.'" Gary v. U.S. Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (quoting Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002)). "Dismissal for frivolity is warranted when a claim is based on an indisputably meritless legal theory, [the claim] relies on factual allegations that are clearly baseless, which includes allegations that are fanciful, fantastic, and delusional, or the facts alleged rise to the level of the irrational or the wholly incredible." Gary, 540 F. App'x at 917.

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Reddy v. Gilbert Med. Transcription Serv., Inc., 588 F. App'x 902, 903 (11th Cir. 2014). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted); see also Rembert v. Florida, 572 F. App'x 908, 909 (11th Cir. 2014). A complaint fails to state a claim when it lacks "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A plaintiff must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. "Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557).

As is relevant here, a complaint pleaded *pro se* is "held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation and internal quotation marks omitted). The Court "must look beyond the labels of filings by *pro se* plaintiffs to interpret them under whatever statute would provide relief." Wilkerson v. Georgia, 618 F. App'x 610, 611 (11th Cir. 2015) (alterations omitted). However, the Court cannot rewrite a deficient pleading, and *pro se* plaintiffs are required to comply with the threshold requirements of the Federal Rules of Civil Procedure. Lizana-Jackson v. U.S.-Dep't of the Treasury, No. 1:13-CV-3815-AT, 2013 WL 7118115, at *2 (N.D. Ga. Nov. 25, 2013).

**II.   Discussion**

Plaintiff, Bonnie Rose, proceeding *pro se*, filed a Complaint purportedly against Defendants WVMF Funding, LLC; GMAC Mortgage, Quicken Loans, LLC; Rescap Liquidating Trust; and Rubin Lublin LLC. Compl. [Doc. 3]. In her Complaint, Plaintiff appears to allege that Defendants breached an agreement to honor a loan modification allegedly approved by GMAC Mortgage. Id. at 4. Plaintiff further contends that "at a certain point during the mortgage process," Defendant WVMF sent Plaintiff a "default letter and began foreclosure proceedings

3

on the said property located at: 3019 Saint Andrews Court, Jonesboro, GA 30236." Id. Plaintiff appears to allege that the referenced foreclosure is wrongful and seeks injunctive relief, compensatory, and punitive damages. Id. at 5. As is currently pled, it is unclear to the Court under what theory or violations of law Plaintiff contends she is entitled to relief from, and which of the named Defendants such relief is sought against. Plaintiff also failed to identify the date and nature of the alleged pending foreclosure sale.

As such, after a review of Plaintiff's Complaint, the Court finds that it is due to be dismissed for failure to state a claim. The Complaint contains conclusory and vague allegations, is short on factual allegations to support any claims, and does not set forth a basis for relief. Such a shotgun pleading is insufficient. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015) (types of shotgun pleadings include complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and complaints "not separating into a different count each cause of action or claim for relief"). In short, Plaintiff's Complaint fails to identify a proper defendant, and fails to give the purported defendant "adequate notice of the claims against [him] and the grounds upon which each claim rests." Id. at 1323. Moreover, the Court is unclear not only of the type of claim(s) Plaintiff intends to bring, but also the basis for the Court's federal subject matter jurisdiction.

4

The Eleventh Circuit has "held that when a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Gary, 540 F. App'x at 917; Langlois v. Traveler's Ins. Co., 401 F. App'x 425, 427 (11th Cir. 2010). Accordingly, the Court permits Plaintiff an opportunity to amend the complaint.

### III. Conclusion

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint [Doc. 3]; **GRANTS** Plaintiff leave to amend the complaint and re-file an amended complaint within thirty (30) days from the date of entry of this order; and **DIRECTS** the Clerk to submit this action after 30 days. Plaintiff's failure to file an amended complaint within the time allotted will result in dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**, this 20th day of December, 2019.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia